| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| SEDRICK DEWAYNE SPEARMAN, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:09-CV-735 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Sedrick Dewayne Spearman, a prisoner confined at the Bartlett State Jail, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Factual Background

Petitioner is in custody pursuant to a judgment entered in the 252nd Judicial District Court of Jefferson County, Texas. In Cause Number 92826-A, petitioner was charged with possession of a controlled substance. An enhancement paragraph alleged that the offense took place in a drug-free zone. On September 15, 2005, petitioner pleaded guilty in accordance with a written plea agreement. Petitioner contends that the agreement provided that the enhancement paragraph was dropped in exchange for his guilty plea to the state jail felony of possession of a controlled substance. On October 31, 2005, petitioner was sentenced to ten years of imprisonment. The prison term was suspended, and petitioner was placed on probation for ten years. Petitioner did not appeal the judgment.

On July 14, 2008, petitioner's probation was revoked, and he was sentenced to six years of imprisonment. Petitioner did not appeal.

On December 2, 2008, petitioner filed a state application for habeas corpus. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court on April 29, 2009. Petitioner filed this petition for writ of habeas corpus on July 6, 2009.

## The Petition

Petitioner contends his sentence is unlawful because he pleaded guilty to a state jail felony, and his sentence exceeds the maximum allowed for a state jail felony. Petitioner contends his attorney provided ineffective assistance of counsel by allowing petitioner to enter into the plea agreement. Petitioner contends the State breached the plea agreement. Finally, petitioner contends the evidence was insufficient to support the enhancement paragraph.

## Analysis

There is a one-year statute of limitations on a federal petition for writ of habeas corpus brought by a state prisoner. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

Respondent argues that the limitations period began to run on November 30, 2005, after the expiration of the time for filing a notice of appeal of the judgment imposing probation. Generally, a state court order of probation is a judgment that triggers the statute of limitations.

*Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005), *cert. denied*, 549 U.S. 970 (2006). The claims concerning petitioner's conviction and probated sentence are clearly barred by limitations. Petitioner's claims concerning the sentence imposed after revocation are also barred by limitations, unless petitioner shows that he could not discover the factual predicate of his claims until after he was sentenced. This argument fails. Petitioner should have been aware of the factual predicate of his claims when the probated sentence was imposed, because the ten-year sentence exceeded the two-year maximum term of imprisonment for a state jail felony. TEX. PENAL CODE § 12.35(a). Petitioner should have realized at the time of his original sentencing that he was sentenced for a third-degree felony, not a state jail felony. Assuming there was an error, it took place at the original sentencing hearing. Any error in the second judgment was simply a function of petitioner's failure to challenge the original judgment in a timely manner.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, _ U.S. _ , 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Ignorance of the law, even for a *pro se* prisoner, does not generally warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition. As a result, he is not entitled to equitable tolling of the statute of limitations.

<u>Certificate of Appealability</u>

An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The

standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.* at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that the procedural ruling was incorrect, or that any of the issues raised by his claims are subject to debate among jurists of reason. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

## ORDER

Respondent's motion to dismiss the petition as barred by the statute of limitations is **GRANTED**. A certificate of appealability will not be issued. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

SIGNED at Beaumont, Texas, this 21st day of September, 2010.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE